IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 6, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD E. HEATH,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-466**          (JCN: 2016011244)

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Richard E. Heath appeals the November 19, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Alliance Coal, LLC, ("Alliance") timely filed a response.[1] Mr. Heath filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order as modified and concluding that Mr. Heath was overpaid temporary total disability rehabilitation ("rehabilitation TTD")[2] benefits in the amount of $38,051.40.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

By order dated July 13, 2022, the Board reversed the claim administrator's February 5, 2021, and November 9, 2021, orders and granted Mr. Heath rehabilitation TTD benefits from February 19, 2020, to March 16, 2021.

On August 18, 2022, the claim administrator acknowledged the Board's July 13, 2022, decision. The claim administrator noted that Mr. Heath previously received rehabilitation TTD benefits from October 23, 2019, to February 19, 2020 (a period of seventeen weeks), and again from February 16, 2021, to September 28, 2021 (a period of thirty-two weeks). The claim administrator indicated that because Mr. Heath received a

---

[1] Mr. Heath is represented by M. Jane Glauser, Esq. Alliance is represented by James W. Heslep, Esq.

[2] The terms "temporary total disability rehabilitation benefits" and "temporary total disability benefits" are used interchangeably in the decision.

1

total of forty-nine weeks of payment for rehabilitation TTD benefits, he was entitled to an additional three weeks of TTD benefits pursuant to West Virginia Code § 23-4-9(d) (2005), which caps rehabilitation TTD benefits at fifty-two weeks if a vocational rehabilitation plan has not been approved.[3] Mr. Heath protested the claim administrator's order.

By order dated June 29, 2023, the Board reversed the claim administrator's order that granted Mr. Heath an additional three weeks of rehabilitation TTD benefits. The Board cited West Virginia Code § 23-4-9(d) and found that Mr. Heath was entitled to a maximum of 104 weeks of benefits rather than fifty-two weeks as stated in the claim administrator's order. The Board granted Mr. Heath rehabilitation TTD benefits retroactively from February 19, 2020, to February 15, 2021, not to exceed 104 weeks of benefits. Alliance filed a motion for reconsideration of the Board's order, but the Board denied it by order dated August 1, 2023.

Alliance submitted a check from Bank of Oklahoma on behalf of Tunnel Ridge, LLC, to Mr. Heath dated July 28, 2023, in the amount of $38,051.40. The claim administrator issued an order dated July 29, 2023, which acknowledged the Board's June 29, 2023, order and indicated that Mr. Heath was granted benefits from February 19, 2020, to February 15, 2021, in the amount of $38,051.40 at the weekly rate of $778.83 for forty-eight weeks and six days. However, in its July 29, 2023, order, Alliance maintained that Mr. Heath's rehabilitation TTD benefits should be capped at fifty-two weeks, and Alliance advised Mr. Heath that it intended to litigate the issue, and that if successful, it would request a reimbursement.

Alliance appealed the June 29, 2023, Board order to this Court, which issued a memorandum decision in *Alliance Coal, LLC v. Heath*, No. 23-ICA-339, 2024 WL 1590596 (W. Va. Ct. App. Feb 8, 2024) (memorandum decision), reversing the Board's June 29, 2023, order and held that the Board was clearly wrong to order rehabilitation TTD benefits up to 104 weeks. This Court found that the claimant did not meet the requirements

---

[3] West Virginia Code § 23-4-9(d) provides, in part:

The aggregate award of temporary total rehabilitation or temporary partial rehabilitation benefits for a single injury for which an award of temporary total rehabilitation or temporary partial rehabilitation benefits is made on or after the effective date of the amendment and reenactment of this section in the year two thousand three shall be for a period not exceeding fifty-two weeks unless the payment of temporary total rehabilitation disability benefits is in conjunction with an approved vocational rehabilitation plan for retraining, in which event the payment period of temporary total rehabilitation disability benefits may be extended for a period not to exceed a total of one hundred four weeks.

under West Virginia Code § 23-4-9(d) to extend rehabilitation TTD benefits past the fifty-two-week limitation.[4]

By order dated March 13, 2024, the claim administrator declared that Mr. Heath had an overpayment of fifty-two weeks of rehabilitation TTD benefits, in the amount of $40,499.16. The claim administrator noted this Court's February 8, 2024, decision, which reversed the decision of the Board authorizing payment of vocational rehabilitation TTD benefits in excess of the statutory maximum.

By order dated November 19, 2025, the Board affirmed the claim administrator's order declaring an overpayment and modified the overpayment amount to $38,051.40. The Board found that Mr. Heath did not establish that the claim administrator was not entitled to declare an overpayment of rehabilitation TTD benefits. It is from this order that Mr. Heath now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

---

[4] The Supreme Court of Appeals of West Virginia ("SCAWV") affirmed this Court's February 8, 2024, decision in *Heath v. Alliance Coal, LLC*, No. 24-171, 2025 WL 464173 (W. Va. Feb. 11, 2025) (memorandum decision).

The sole issue on appeal is the Board's November 19, 2025, order which affirmed the employer's declaration of an overpayment for TTD rehabilitation benefits paid beyond the fifty-two week statutory cap. On appeal, Mr. Heath argues that the Board relied on administrative regulations, without citing any statutes or case law to support the overpayment recovery. Further, Mr. Heath asserts that the employer never filed a petition for termination under West Virginia Code § 23-4-1c or a petition for modification under West Virginia Code § 23-5-4 and did not pursue the challenged issue of the awarded retroactive rehabilitation benefits to exhaustion by final appellate decisions. We disagree.

West Virginia Code § 23-4-1c(h) [2009][5] governs the overpayment of temporary total disability benefits. *Reed v. Exel Logistics, Inc.*, 240 W. Va. 700, 705, 815 S.E.2d 511, 516 (2018). In *Reed*, the SCAWV stated that West Virginia Code § 23-4-1c(h) establishes that an overpayment of TTD benefits arises when two things occur: (1) "an employer files a timely objection" to an order "denying an application for modification with respect to temporary total disability benefits," and (2) an adversarial proceeding results in an order finding "that the claimant was not entitled to receive such temporary total disability benefits." *Id*.

*Reed* considered West Virginia Code § 23-4-1c(h) in the context of an employer which, on its own volition, paid a claimant TTD benefits in excess of the statutory cap. When the employer determined its error, it declared a retroactive overpayment for the benefits it paid beyond the statutory cap. When ruling in favor of the claimant, the Court in *Reed* noted that the employer had complete control of the claim, and for reasons unknown, it continued to pay TTD in excess of the maximum allowable. The Court also found that the claimant relied on the TTD benefits to his detriment upon the employer's continuing payments. According to *Reed*, "the overpayment provisions of W. Va. Code § 23-4-1c(h) apply only where, after an adversarial proceeding to resolve an employer's

---

[5] West Virginia Code § 23-4-1c(h) states as follows:

In the event that an employer files a timely objection to any order of the Insurance Commissioner, private carrier, or self-insured employer, whichever is applicable, with respect to compensability, or any order denying an application for modification with respect to temporary total disability benefits, or with respect to those expenses outlined in § 23-4-3(a) of this code, the Insurance Commissioner, private carrier, or self-insured employer shall continue to pay to the claimant such benefits and expenses during the period of such disability. When the employer has protested the compensability or applied for modification of a temporary total disability benefit award or expenses and the final decision in that case determines that the claimant was not entitled to the benefits or expenses, the disputed amount of benefits or expenses is considered an overpayment….

attempt to modify or terminate, the claimant is determined to not be lawfully entitled to temporary total disability benefits." *Reed v. Exel Logistics, Inc.,* 240 W. Va. at 707, 815 S.E.2d at 518. *Reed* concluded that the employer had complete control of the overpayment, the claimant relied on the TTD payments to his detriment, and that no adversarial proceedings took place before the overpayment was declared. Thus, *Reed* found the employer was not entitled to recover an overpayment.

In the present case, unlike the circumstances in *Reed*, the employer did not have complete control of the claim and payment of TTD rehabilitation benefits. Instead, Alliance's overpayment was forced on it when the Board ordered it to pay more than fifty-two weeks of TTD benefits. In fact, when Alliance acknowledged the Board's June 29, 2023, order, and issued a check to Mr. Heath, it also issued an order dated July 29, 2023, noting its disagreement with the Board's ruling and advising Mr. Heath that it intended to appeal. Thereafter, Alliance timely appealed the Board's June 29, 2023, order. Therefore, Mr. Heath knew Alliance objected to the benefits paid beyond the statutory cap, and thus he did not rely on the benefits to his detriment. Finally, Alliance ultimately prevailed, through adversarial proceedings, when this Court and the SCAWV determined that Mr. Heath was only entitled to fifty-two weeks of TTD rehabilitation benefits.

In summary, the Board required Alliance to authorize TTD benefits, and Alliance timely appealed to this Court, which reversed the Board's order and the SCAWV affirmed. As a result, the overpayment issued by Alliance is recoverable pursuant to *Reed* and West Virginia Code § 23-4-1c(h).

Accordingly, we affirm the Board's November 19, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

5